IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEROME HARPER**                                             **PLAINTIFF**

v.                                                   **CAUSE NO. 1:19cv832-LG-RHW**

**CHAD WOLF, Acting Secretary**
**of Homeland Security**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by the defendant, Chad Wolf, Acting Secretary of the Department of Homeland Security. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted, because the plaintiff, Jerome Harper, has failed to state a claim upon which relief can be granted.

BACKGROUND

Harper alleges that he was hired by the Federal Emergency Management Agency (FEMA) as a disaster assistance employee in 2005. He states he is "a Caucasian male and of an older age." (Compl., at 3, ECF No. 1.) He filed claims with the Equal Employment Opportunity Commission (EEOC) in August 2007, October 2009, and April 2012, but he has not stated the basis for these claims in his Complaint. He was deployed to Illinois and New Jersey from December 2012 to August 2013. He claims that on June 26, 2013, he overheard a former supervisor make derogatory comments about him at a business dinner. Harper also explains

that he attempted to purchase his FEMA trailer, but FEMA stopped negotiations and served him with a lawsuit to recover possession of the trailer on August 13, 2013, while he was deployed by FEMA.[1] Harper alleges he has only been deployed once since 2013, and he was forced into early retirement. Harper does not state the date of his retirement, but the Notice of Right to Sue attached to his Complaint states that he retired in 2015. The Notice of Right to Sue reflects that Harper's August 12, 2013 EEOC charge was based on the following grounds:

> 1. On June 26, 2013, Complainant overheard his former supervisor tell a table full of employees that Complainant was 'one of the biggest sons of bitches in the Agency,'
>
> 2. In late June 2013, Complainant received a voicemail from a [U.S. Marshal] stating he had a summons to serve him, related to his FEMA trailer. However, Complainant did not receive the summons until August 12, 2013. Complainant stated that a management official purposely served the summons while he was deployed and not home to receive it.

(Compl. Ex. A, at 2, ECF No. 1-1.)

Harper filed this lawsuit against FEMA, initially attempting to assert age discrimination and retaliation claims pursuant to Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, as well as a state law claim for negligent infliction of emotional distress. The defendant filed a Motion to Dismiss the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In his response to the Motion to

---

[1] The style of the lawsuit concerning the FEMA trailer is *United States v. Harper*, 1:13cv248-HSO-RHW. The trailer had been provided to Harper as temporary housing assistance after Hurricane Katrina. The Court granted summary judgment in favor of the United States, finding that Harper's right to possession of the trailer had expired.

Dismiss, Harper concedes that his purported age discrimination claims, negligent infliction of emotional distress claim, and §§ 1981 and 1983 retaliation claims should be dismissed. As a result, this Court must only consider whether Harper's purported Title VII retaliation claim should be dismissed claim pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Meanwhile, to survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Therefore, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Title VII prohibits employers from retaliating against an employee who opposes, complains, or files a charge concerning his employer's discrimination on

the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a). To plead a retaliation claim under Title VII, a plaintiff must allege that (1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015). To qualify as a materially adverse action, an employment decision must "dissuade a reasonable worker from making or supporting a charge of discrimination." *Johnson v. Halstead*, 916 F.3d 410, 420 (5th Cir. 2019)

First, Harper cannot base a Title VII retaliation claim on age discrimination because "Title VII—unlike the ADEA—does not address age discrimination." *See Pequeno v. Univ. of Texas*, 718 F. App'x 237, 243 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-2(a); 29 U.S.C. 623(a)).[2] Second, the derogatory comment allegedly made by Harper's former supervisor cannot be considered a materially adverse action. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Smith v. Harvey*, 265 F. App'x 197, 201 (5th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). The Fifth Circuit has held that "allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation." *Welsh v.*

---

[2] In his response to the Motion to Dismiss the plaintiff concedes dismissal of his claims for age discrimination, 42 U.S.C. § 1981 and § 1983, and negligent infliction of emotional distress.

*Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019) (quoting *King v. Louisiana*, 294 Fed. App'x 77, 85 (5th Cir. 2008)).

Harper's allegations concerning the FEMA trailer lawsuit are also insufficient to state a claim for retaliation. The lawsuit was completely unrelated to Harper's employment, as the trailer was not in his possession due to his employment but was loaned to Harper as temporary housing assistance following Hurricane Katrina. This Court previously held that Harper had no right to continue to possess the trailer; thus, FEMA had a good faith basis for filing a lawsuit to recover possession of the trailer. As for Harper's apparent emphasis on the timing of the attempted service of process, the docket in the trailer lawsuit reflects that Harper suffered no harm as a result of the timing of service of process because he was able to appear in the lawsuit and answer the complaint filed against him. Moreover, the filing of the FEMA trailer lawsuit cannot be considered a materially adverse action, because the lawsuit and attempted service of process did not deter Harper from engaging in further protected activity. Harper filed the EEOC charge at issue in this case after he learned that the lawsuit had been filed against him.

In addition, Harper relies solely on temporal proximity in an attempt to plead a causal connection between the protected activity and the alleged adverse actions. As the Fifth Circuit has explained,

> [T]he mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case," *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004), especially if a lengthy period of time passed between the

> two, *e.g., Raggs v. Miss. Power Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (five-month lapse was, on its own, insufficient to permit a reasonable jury to find that employee had demonstrated a causal link).

*Atkins v. Se. Cmty. Health Sys.*, 712 F. App'x 388, 391 (5th Cir. 2017). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). The Fifth Circuit applies this standard not only to motions for summary judgment but also to motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (affirming a district court's grant of 12(b)(6) dismissal where plaintiff's complaint relied solely on temporal proximity to allege causation and a lengthy gap existed between protected activity and adverse action).

The derogatory comment and the filing of the FEMA trailer lawsuit both took place approximately fourteen months after Harper engaged in protected activity -- a gap lengthy enough to destroy any causal connection between the protected activity and the adverse action. *See, e.g., Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 287 (5th Cir. 2015) (holding that periods of seven and fifteen months between protected activity and adverse action were insufficient to establish causal nexus).

In his Response to the Motion to Dismiss, Harper appears to state that the basis of his retaliation claim is that FEMA forced him to retire by not giving him sufficient deployments. There is no evidence in the record that Harper filed an

EEOC charge regarding this alleged forced retirement.  Nevertheless, even if Harper exhausted his administrative remedies regarding this claim, the lengthy period of time between Harper's exercise of protected activity and his "forced retirement" in 2015 breaks any causal connection.  As a result, Harper has failed to state a plausible claim for relief, and this lawsuit must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by the defendant, Chad Wolf, Acting Secretary of the Department of Homeland Security, is **GRANTED**.  This lawsuit is hereby **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).  A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 16th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE