IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEROME HARPER**                                                               **PLAINTIFF**

v.                                                       CAUSE NO. 1:19cv832-LG-RHW

**CHAD WOLF, Acting Secretary
of Homeland Security**                                          **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the [16] Motion for Reconsideration filed by Plaintiff Jerome Harper in which he asks the Court to reconsider its [14] Memorandum Opinion and Order granting Defendant's Motion to Dismiss. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

## BACKGROUND

Harper alleges that he was hired by the Federal Emergency Management Agency as a disaster assistance employee in 2005, but he claims he was forced to retire early. He filed this lawsuit attempting to assert a Title VII retaliation claim. The Court granted Defendant's Motion to Dismiss because Harper had not alleged a materially adverse action and he could not establish a causal connection between his alleged protected conduct and the alleged adverse employment action.

## DISCUSSION

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three

grounds for altering a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly." *Id*.

Title VII prohibits employers from retaliating against an employee who opposes, complains, or files a charge concerning his employer's discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a). To plead a retaliation claim under Title VII, a plaintiff must allege that (1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015).

Harper argues that the Court erred in finding that a derogatory comment made by his former supervisor did not constitute a materially adverse action. His argument is unclear, but he appears to ask the Court to permit him to conduct discovery concerning the context in which the comment was made. First, this argument could have been made prior to entry of judgment. In addition, as the Court previously explained, a stray, petty remark like that made by the former supervisor does not constitute a materially adverse action. *See Smith v. Harvey*,

265 F. App'x 197, 201 (5th Cir. 2008) ("An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.").

Harper also seeks reconsideration of the Court's finding of no causal connection by producing a 2013 EEOC Decision to the Court for the first time. Harper has not provided sufficient argument for the Court to determine whether this 2013 decision would in any way impact the Court's prior decision. In addition, evidence and arguments that could have been made previously do not justify reconsideration. Harper's Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [16] Motion for Reconsideration filed by Plaintiff Jerome Harper is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE